UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOANDY FONSECA,

    Plaintiff,

v.                                          Case No.:

NELSON TREE SERVICE, LLC,
a Foreign Limited Liability Company,

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Nelson Tree Service, LLC (hereinafter "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida, identified as *Yoandy Fonseca v. Nelson Tree Service, LLC*, Case No. 21-CA-1055, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

Pursuant to 28 U.S.C. §1446(a), Middle District Local Rule 1.06(b), and the CM/ECF procedures for civil case opening, copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibits A-C.

8004567v.1

The Complaint in the above action was filed in the Circuit Court for the Fifth Judicial Circuit on or about December 30, 2021, and served on Defendant on January 18, 2022. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

Plaintiff lives in and is a resident of Florida. See Ex. A, Complaint, ¶3. Upon information and belief, Plaintiff is domiciled in the State of Florida for purposes of this Court's diversity jurisdiction. Defendant Nelson Tree Service, LLC, is incorporated in the State of Ohio with its principal place of business in Willow Grove, Pennsylvania. See Exhibit D, Declaration of Jo Ann Swank. As such, Defendant is not based in Florida or a Florida resident.

Therefore, at all relevant times herein, Plaintiff was domiciled in and a citizen of the State of Florida, and Defendant was a citizen of a state other than Florida. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the parties.

The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.[1] In determining the amount in controversy, a court is permitted "to make 'reasonable

---

[1] *See Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla. July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010)(quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*, 608 F.3d at 752, 754. Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he *could* do so. *See Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (emphasis added) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the compliant are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is

reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

In his suit, Plaintiff alleges a cause of action for discrimination and retaliation under the Florida Civil Rights Act ("FCRA"). The FCRA permits recovery for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

At the time of his discharge, Plaintiff was a full-time employee earning $17.74 an hour (or approximately $710 per week). Plaintiff frequently worked overtime and averaged 49 hours of overtime per month in 2019 and 2020. Plaintiff was paid $26.21 per hour for his overtime work at the time of his termination. His total average overtime pay per month is $1,284.29. See Declaration of Jo Ann Swank (attached hereto as Exhibit D).

Under the FCRA, the prevailing plaintiff can recover back pay damages through the trial date. Assuming the trial is scheduled in February 2023 (one-year from removal of this action), Plaintiff would be entitled to $78,100 in regular pay (110 weeks at $710.00 per week) and $32,107.25 in overtime pay (25 months at $1,284.29 per month). Furthermore, as a full-time employee, Plaintiff received benefits from Defendant in the form of health insurance and life insurance. The total paid by Defendant for those benefits was $4,050.16 per year. As such, Plaintiff's total back pay through trial could be $118,307.57. *See Gonzalez v. Honeywell Int'l,*

*Inc.*, 2017 WL 164358, *2 (M.D. Fla. Jan. 17, 2017)(calculating back pay through the date of trial).[2]

In addition, although Defendant denies Plaintiff is entitled to any relief whatsoever, Plaintiff's potential economic damages for front pay should be considered in determining the amount in controversy. Plaintiff specifically requests front pay in the Complaint. Ex. A, p. 6, ¶d. The FCRA is treated similar to claims under Title VII, and Title VII plaintiffs are presumptively entitled to recover front pay. *See Weatherly v. Ala. State. Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013)(holding that the district court did not abuse its discretion in awarding the plaintiffs one year of front pay in a Title VII dispute); *Gonzalez v. Honeywell Int'l, Inc.*, 2017 WL 164358, *2 (M.D. Fla. Jan. 17, 2017)(holding the addition of one year of front pay to the amount in controversy is reasonable where the plaintiff is presumptively entitled to recover front pay). In this case, Plaintiff's potential front pay is an additional $36,900 (one year of 40 hours per week). *See Wineberger*, 2015 WL 225760 at *3 (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D.

---

[2] There are some courts in this district that evaluate damages as of the date of removal, and not the date of trial. *See Bragg v. Suntrust Bank*, 2016 WL 836692, *2 (M.D. Fla. Mar. 4, 2016). Applying this standard, Plaintiff's back pay through the date of removal is $59,931.64. Specifically, Plaintiff's employment ended 57 weeks prior to removal and his back pay wages are $40,470 for regular wages and $15,411.48 for overtime wages, and $4,050.16 for the value of his benefits.

5

Fla. Sept. 10, 2014) (finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy).

Plaintiff is also seeking damages for emotional distress. See Ex. A, Complaint, p. 6, ¶c (seeking an award of "compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life."). Even though Plaintiff has not identified the specific facts supporting this category of damages, it is nonetheless reasonable for this Court to deduce that Plaintiff's damages for a "garden variety" claim for emotional pain and suffering could amount to $25,000.00. *See Stone v. Geio General Ins. Co.*, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009) (explaining that $50,000 is the maximum reasonable recovery for emotional distress when plaintiff relies solely on his own testimony, had not received any psychological testing or medical treatment, and has admitted he is doing better). This amount is reasonable even if Plaintiff has no evidence of emotional distress other than his own testimony. Therefore a reasonable deduction and inference is that even if Plaintiff does not have evidence supporting his claim for compensatory damages relating to his emotional distress, Plaintiff could recover up to $25,000, which is half of the reasonable amount accepted by courts.

In his Complaint, Plaintiff also alleges punitive damages, which should be factored into the amount in controversy in this case. The FCRA permits punitive damages of up to $100,000, *see* Fla. Stat. 760.11(5), and courts in this Circuit and

this District have held that punitive damages may factor in to the amount in controversy for purposes of deciding whether diversity jurisdiction exists. The Eleventh Circuit recently reiterated that punitive damages may factor into a determination of the jurisdictional amount in diversity cases in *McDaniel v. Fifth Third Bank*, 568 F. App'x 729 (11th Cir. 2014). In *McDaniel*, the Court wrote that the removing party "need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." Moreover, courts in this District have factored potential awards of punitive damages under the FCRA into the determination of whether the jurisdictional amount has been met. *See e.g., Penalver v. Northern Elec., Inc.*, 2012 WL 1317621, *3-4 (M.D. Fla. April 17, 2012); *Alshakanbeh v. Food Lion*, 2007 WL 914354, *2-3 (M.D. Fla. Mar. 23, 2007). The Eleventh Circuit has approved the inclusion of punitive damages in these types of cases and rely on experience and judicial experience in determining the potential damages that could be awarded to Plaintiff. *Wineberger v. RaceTrac Petroleum, Inc.,* 672 F.App'x 914, 917 (11th Cir. 2016).

Even a conservative estimate of the amount of punitive damages that Plaintiff could recover – 40% of the maximum allowable amount of $100,000 – would entitle Plaintiff to $40,000 and thus well exceed the jurisdictional amount in conjunction with back pay, front pay, and compensatory damages. The conclusion that Plaintiff

could be awarded $40,000 in punitive damages is supported by other FCRA cases. *See, e.g.*, *Speedway America LLC v. DuPont*, 933 So. 2d 75, 91 (Fla. 5th DCA 2006) (upholding punitive damages award of $40,000 under FCRA). As explained above, in his Complaint, Plaintiff alleges that Defendant acted in reckless disregard of the law. Although Defendant denies these allegations, for purposes of establishing diversity jurisdiction, Defendant need only show that Plaintiff *could* recover punitive damages.

Furthermore, a removing party may provide the Court with an estimate of a plaintiffs attorney's fees based on defense counsel's experience of the number of hours likely needed to litigate the case and an estimate of the plaintiffs attorney's hourly rate. *Alshakanbeh v. Food Lion, LLC*, No. 3:06CV1094, 2007 WL 917354 (M.D. Fla. March 23, 2007); *see also Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008). In this case, Defendant's counsel, who is an attorney with more than 20 years of experience in labor and employment law, estimates that, in her opinion, at least 250 hours will be spent by Plaintiff's counsel litigating this matter through trial. The hourly rate customarily charged by someone with the experience of Plaintiff's counsel is at least $350 per hour, if not higher. Thus, the attorneys' fees for Plaintiff will likely exceed $87,500.00 based on the number of hours at a minimum Plaintiff's counsel would likely spend litigating this matter

8

through trial multiplied by the minimum hourly rate customarily charged by someone with counsel's experience.[3]

Based on the allegations in Plaintiff's Complaint and the nature of his claims under the FCRA, Defendant has shown that the value of Plaintiff's claim more likely than not exceeds the jurisdictional amount. Specifically, Plaintiff's potential damages under the FCRA are $307,707.57, summarized as follows:

| | |
|---|---|
| Back Pay based | $118,307.57 |
| Front Pay based | $36,900.00 |
| Emotional distress | $25,000.00 |
| Punitive damages | $40,000.00 |
| Attorneys' Fees | $87,500.00 |
| **Total damages** | **$307,707.57** |

Based on the totality of the circumstances, reasonable estimates, and common sense, the amount Plaintiff has placed in controversy exceeds $75,000.00.

Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Peter Hoogerwoerd, Cristobal Bobadilla-Gamboa, Corey

---

[3] Even if the Court only considers the amount of attorney's fees at the time of removal, a reasonable estimation of the time spent meeting with Plaintiff, filing the charge of discrimination, and drafting the complaint is 20 hours, for a total of $7,000.

Seldin, Remer & Georges-Pierre, PLLC, 44 W. Flagler St., Ste. 2200, Miami, FL 33130.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida be removed to the United States District Court for the Middle District of Florida.

Respectfully submitted on this 14th day of February, 2022.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Secondary Email:  tampa@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of February, 2022, I electronically filed the foregoing using the CM/ECF System, which will send a notice of electronic filing, along with a true and correct copy of the foregoing, via e-mail to:

Peter M. Hoogerwoerd
Cristobal Bobadilla-Gamboa
Corey L. Seldin
Remer & Georges-Pierre, PLLC
44 West Flagler St., Ste. 2200
Miami, FL 33130
pmh@rgpattorneys.com
cbg@rgpattorneys.com
cselding@rgpattorneys.com

                                            /s/Angelique Groza Lyons
                                               Attorney for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOANDY FONSECA,

    Plaintiff,

v.                                                              Case No.:

NELSON TREE SERVICE, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## DECLARATION OF JO ANN SWANK

I, Jo Ann Swank, state:

1. I am over the age of eighteen years and make this declaration based upon my own personal knowledge and a review of records maintained in the ordinary course of business by Defendant Nelson Tree Service, LLC (Nelson Tree Service).

2. I am employed by Nelson Tree Service as Executive Director, Administration. Nelson Tree Service is incorporated in the State of Ohio and its principal place of business is Dayton, Ohio.

3. Plaintiff Yoandy Fonseca was employed by Nelson Tree Service. He was a full-time employee and earned $17.74 an hour at the time of his termination. In 2019 and 2020, Mr. Fonseca averaged 49 hours of overtime per month. Mr. Fonseca's overtime rate at the time of his termination was $26.21 an hour.

Exhibit "D"

4. Mr. Fonseca also received health and life insurance as a benefit of his employment with Nelson Tree Service, for which Nelson Tree Service paid $4,050.16 per year.

I have read the foregoing and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 14th day of February, 2022.

_____
JO ANN SWANK